CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 23, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **GOLDIE PAGE,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **OFFICER ALEXANDRA MOREHEAD,** ) <br> **ET AL.,** ) <br> ) <br> Defendants. ) <br> ) | Case No. 7:23CV00387 <br><br> **OPINION AND ORDER** <br><br> JUDGE JAMES P. JONES |

*Goldie Page, Pro Se Plaintiff; Matthew J. Schmitt,* GUYNN WADDELL, P.C., *Salem, Virginia, for Defendants.*

The plaintiff, Goldie Page, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that in the spring of 2023, one defendant correctional officer tried to poison her and the other threatened her with additional jail time because of her lawsuit.[1] The case is currently before me, however, on Page's recent motion seeking interlocutory injunctive relief. After review of the record, I conclude that the motion must be denied.

In brief, the Complaint in this case claims that while Page was incarcerated at the New River Valley Regional Jail (NRVRJ) in 2023, she allegedly saw Morehead put something in Page's drink. After drinking the substance, Page allegedly had an

---

[1] The defendants have filed a Motion to Dismiss this case in its entirety, and Page has responded, making it ripe for consideration. I will address that motion in a separate opinion.

allergic reaction and sought medical care. Some weeks later, defendant Smith allegedly threatened Page with more jail time if she did not drop her lawsuit about Morehead. Page notified the court in September 2023 that she had been released from incarceration. She later paid the full filing fee for the case.

On May 30, 2024, the court received a motion from Page that the court construed and docketed as a Motion for Preliminary Injunctive Relief. Page is apparently incarcerated again at NRVRJ, as she mailed her motion from there, claiming that unspecified officers were "targeting [her] an[d] using unnecessary force." Mot. 1, ECF No. 42. Page alleges that she is "covered in bru[i]ses because they came in a[nd] forc[e]ably removed [her] an[d] put [her] in the hole" after she refused to comply with orders about that move. *Id.* She claims these events occurred after she repeatedly told officers that Morehead had tried to kill her and should be separated from her. According to Page, she wrote the motion on May 24, 2024, about an incident that occurred that morning or the previous day. Page asserts that since Morehead tried to kill her in 2023, Page is not safe while confined at NRVRJ.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied.[2] *Id.*

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

Page's pending interlocutory relief motion fail to make this showing. The events at issue in the motion involve actions that unspecified officials allegedly took more than a year after the events involving the defendants named in the underlying civil action. Page does not claim that defendants Morehead or Smith were involved in any way in the alleged use of excessive force other NRVRJ officers allegedly applied to move Page to another housing area after she admittedly refused to comply with orders voluntarily to make that move. Moreover, I cannot find that the incidents described in the motion implicate any imminent risk of irreparable harm caused by

---

[2] To the extent that Page intended to seek a temporary restraining order, her motion must be denied. Temporary restraining orders are issued only rarely, when the movant proves that she will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Page is not entitled to a preliminary injunction, the court finds no basis upon which to grant her a temporary restraining order.

the alleged misconduct by Morehead and Smith.  Page also states no facts to support her speculative fears that being around Morehead places her at any significant risk of harm.  Furthermore, the timing of the events described and the date when Page wrote the motion appear to indicate that she filed her lawsuit on the day of the incidents or the day afterward, leaving her no time to exhaust available administrative remedies as required under 42 U.S.C. § 1997e(a).

After review of the record, it is **ORDERED** that the motion seeking interlocutory relief, ECF No. 42 is DENIED.

ENTER: July 23, 2024

/s/  JAMES P. JONES
Senior United States District Judge