CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 07, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **GOLDIE PAGE,** | ) |
| Plaintiff, | ) Case No. 7:23CV00387 |
| v. | ) **OPINION** |
| **OFFICER ALEXANDRA MOREHEAD, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Goldie Page, Pro Se Plaintiff; Matthew J. Schmitt,* GUYNN, WADDELL, CARROLL & LOCKABY, P.C., *Roanoke, Virginia, for Defendants.*

The plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming violations of her constitutional rights. Page alleges that a jail officer placed an unknown substance in her drink and hours later, Page became sick. She also alleges that another officer threatened her with more jail time if she did not withdraw her lawsuit. This court's initial Order in the case, ECF No. 3, notified Page of her ongoing responsibility to keep the court apprised of her current mailing address. The Order warned Page that failure to comply with this requirement would result in dismissal of the action without prejudice. It is self-evident that the court must have a viable address by which to communicate reliably with Page about this case. On August 1, 2024, the court's mailing of ECF No. 43

was returned as undeliverable to Page at the address she had provided. The returned envelope indicated that authorities were unable to forward the mailing and that Page was no longer incarcerated at the jail address she had previously provided to the court. The docket also reflects that Page has not communicated with the court for three months.

Based on Page's failure to comply with the court's Order regarding the need to provide the court with a current mailing address, I will dismiss the action without prejudice for failure to prosecute. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)). I will also dismiss the defendants' pending Motion to Dismiss, ECF No. 31, without prejudice.

An appropriate Order will issue herewith.

                        DATED:   August 7, 2024

                        /s/  JAMES P. JONES
                        Senior United States District Judge